**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY DIVISION**

| | |
|---|---|
| **JUSTIN CUMMINGS, Individually and For Others Similarly Situated,** <br> Plaintiff, <br><br> v. <br><br> **COATES FIELD SERVICE, INC.,** <br> Defendant. | **Case No. CIV-20-133-HE** <br><br> **JURY TRIAL DEMANDED** <br><br> **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

**ORIGINAL COMPLAINT**

**SUMMARY**

1.     Plaintiff Justin Cummings ("Cummings") brings this lawsuit to recover unpaid overtime wages and other damages from Coates Field Service, Inc. ("Coates") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.     Cummings worked for Coates as a Right of Way Agent.

3.     Cummings and the Day Rate Workers (as defined below) regularly worked for Coates in excess of forty (40) hours each week.

4.     But Coates did not pay them overtime.

5.     Instead of paying overtime as required by the FLSA, Coates improperly paid Cummings and the Day Rate Workers a daily rate with no overtime compensation.

6.     This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

**JURISDICTION AND VENUE**

7.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Coates is headquartered in this District. Specifically, Coates's headquarters is located in Oklahoma City, OK.

## THE PARTIES

9.     Cummings worked for Coates from September 2017 until April 2018 as a Right of Way Agent.

10.     Throughout his employment, Coates paid Cummings a flat daily rate for each day worked regardless of the total hours worked in a workweek ("day rate pay plan").

11.     Cummings's consent to be a party plaintiff is attached as Exhibit 1.

12.     Cummings brings this action on behalf of himself and all other similarly situated workers who were paid by Coates's day-rate system.  Coates paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

13.     The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All Right of Way Agents[1] who worked for, or on behalf of, Coates Field Service, Inc. who were paid a day rate with no overtime in the past three (3) years.** ("Day Rate Workers").

14.     Members of the proposed collective can be readily ascertained from Coates's records.

15.     Coates Field Service, Inc. is an Oklahoma corporation and may be served with process by serving its registered agent: **John Joseph Coates III, 4800 N. Santa Fe, Oklahoma City, OK 73118.**

---

[1] Right of Way Agents are otherwise known as Land Representatives, Landmen, or Customer Service Representatives.

2

## COVERAGE UNDER THE FLSA

16.     At all times hereinafter mentioned, Coates was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17.     At all times hereinafter mentioned, Coates was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18.     At all relevant times, Coates has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

19.     At all relevant times, Coates has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, computers, etc.) that have been moved in or produced for commerce.

20.     In each of the past 3 years, Coates's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

21.     At all relevant times, Cummings and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

22.     Coates uniformly applied its policy of paying its Day Rate Workers, including Cummings, a day rate with no overtime compensation.

23.     Coates applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

24.     By paying its Day Rate Workers a day rate with no overtime compensation, Coates violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

25.     As a result of this policy, Coates and the Day Rate Workers do not receive overtime as required by the FLSA.

26.     Coates's uniform compensation scheme of paying its Day Rate Workers a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

### THE FACTS

27.     Coates provides land acquisition and right of way services to energy providers, utilities, municipalities, departments of transportation, and oil and gas companies.

28.     To achieve its business objectives, it hires personnel (like Cummings) to perform land acquisition work.

29.     Many of these individuals worked for Coates on a day rate basis (without overtime pay).

30.     These workers make up the proposed collective of Day Rate Workers.

31.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

32.     Throughout his employment with Coates, Coates paid him on a day rate basis.

33.     Cummings and the Day Rate Workers work for Coates under its day rate pay scheme.

34.     Cummings and the Day Rate Workers do not receive a salary.

35.     If Cummings and the Day Rate Workers did not work, they did not get paid.

36.     Cummings and the Day Rate Workers receive a day rate.

37.     Cummings and the Day Rate Workers do not receive overtime pay.

38.     This is despite the fact Cummings and the Day Rate Workers often worker 10 or more hours a day, for 6 days a week, for weeks at a time.

39.     For example, Cummings received a day rate for each day he worked for Coates.

4

40.     Although he typically worked 6 days a week, for 10 or more hours a day, he did not receive any overtime pay.

41.     Cummings and the Day Rate Workers received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

42.     Cummings and the Day Rate Workers are not employed on a salary basis.

43.     Cummings and the Day Rate Workers do not, and never have, received guaranteed weekly compensation from Coates irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

44.     Cummings and the Day Rate Workers work in accordance with the schedule set by Coates and/or its clients.

45.     Cummings's work schedule is typical of the Day Rate Workers.

46.     Coates controls Cummings and the Day Rate Workers' pay.

47.     Likewise, Coates and/or its clients control Cummings and the Day Rate Workers' work.

48.     Coates requires Cummings and the Day Rate Workers to follow Coates and/or its clients' policies and procedures.

49.     Cummings and the Day Rate Workers' work must adhere to the quality standards put in place by Coates and/or its clients.

50.     Cummings and the Day Rate Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

51.     As a Right of Way Agent, Cummings was responsible for reviewing public records to determine property ownership, adhering to safety standards and procedures, documenting communication with landowners, and reviewing easements.

5

52.     All Coates's Day Rate Workers perform similar duties, reviewing easement agreements and proof of title, ensuring work is done according to established safety guidelines, specifications, and restrictions.

53.     Cummings and the Day Rate Workers provide documents related to land acquisition and easement agreements to Coates (and/or its clients') personnel.

54.     At all relevant times, Coates and/or its clients maintained control over Cummings and the Day Rate Workers via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

55.     Cummings and the Day Rate Workers do not have the power to hire or fire any employees.

56.     Cummings's working relationship with Coates is similar Coates's relationship with its other Day Rate Workers.

57.     Coates knew Cummings and the Day Rate Workers worked more than 40 hours in a week.

58.     Coates knew, or showed reckless disregard for, whether the Day Rate Workers were entitled to overtime under the FLSA.

59.     Nonetheless, Coates failed to pay Cummings and the Day Rate Workers overtime.

60.     Coates willfully violated the FLSA.

### CAUSES OF ACTION
### FLSA VIOLATIONS

61.     By failing to pay Cummings and those similarly situated to him overtime at one-and-one-half times their regular rates, Coates violated the FLSA's overtime provisions.

62.     Coates owes Cummings and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

63.     Because Coates knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Coates owes these wages for at least the past three years.

64.     Coates is liable to Cummings and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

65.     Cummings and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COLLECTIVE ACTION ALLEGATIONS

66.     Cummings incorporates all previous paragraphs and alleges that the illegal pay practices Coates imposed on Cummings were likewise imposed on the Day Rate Workers.

67.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

68.     Numerous other individuals who worked with Cummings indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

69.     Based on his experiences and tenure with Coates, Cummings is aware that Coates's illegal practices were imposed on the Day Rate Workers.

70.     The Day Rate Workers were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

71.     Coates's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Workers.

72.     Cummings's experiences are therefore typical of the experiences of the Day Rate Workers.

73.     The specific job titles or precise job locations of the Day Rate Workers do not prevent collective treatment.

74.     Cummings has no interests contrary to, or in conflict with, the Day Rate Workers. Like each Day Rate Worker, Cummings has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

75.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

76.     Absent this action, many Day Rate Workers likely will not obtain redress of their injuries and Coates will reap the unjust benefits of violating the FLSA.

77.     Cummings knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective.

78.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

79.     Cummings demands a trial by jury

## PRAYER

80.     WHEREFORE, Cummings prays for judgment against Coates as follows:

    a.     An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.   For an Order pursuant to Section 16(b) of the FLSA finding Coates liable for unpaid back wages due to Cummings and the FLSA Class Members for liquidated damages equal in amount to their unpaid compensation;

c.   For an Order awarding Cummings and the Day Rate Workers their reasonable attorneys' fees and expenses as provided by the FLSA;

d.   For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Andrew W. Dunlap

**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Carl A. Fitz**
Texas Bar No. 24105863
(*pro hac vice application forthcoming*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

9